940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Bruce L. ROWBOTTOM, Petitioner-Appellant,
v.
R. Michael CODY, the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-7054.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Rowbottom, a state prisoner, filed a pro se application for habeas corpus relief wherein he challenged neither his conviction nor sentence but rather the application of Oklahoma's Prison Overcrowding Act. Specifically, Mr. Rowbottom contended he was entitled to additional emergency credits against his sentence. The district court denied relief holding the habeas petition failed to raise federal constitutional questions. Mr. Rowbottom appeals pro se.
 
 
 3
 Mr. Rowbottom was convicted in state court in 1989 of unlawful delivery of a controlled dangerous substance with two prior convictions and was sentenced to twenty years. Mr. Rowbottom filed a mandamus action in state court asserting it was unconstitutional to withhold emergency time credits under Oklahoma law. Mr. Rowbottom was unsuccessful in state court. Mr. Rowbottom's petition in federal court alleged the state's refusal to grant him emergency time credits violated his equal protection and due process rights.
 
 
 4
 Mr. Rowbottom does not meet the requirements of an emergency time credit provision which is found in the Oklahoma Prison Overcrowding Act. This provision states an individual is not entitled to emergency time credits if he is incarcerated as an Oklahoma repeat offender. See Okla.Stat.Ann. tit. 57 Sec. 573(3) (West 1991). Mr. Rowbottom argues he is not a repeat offender for purposes of Oklahoma law because his prior convictions occurred in Kansas, and not in Oklahoma. This argument was expressly rejected by the Oklahoma courts in their interpretation of Oklahoma law.
 
 
 5
 In his appeal to us Mr. Rowbottom argues the Oklahoma courts erred. He asserts he is eligible to receive the emergency time credits.
 
 
 6
 Mr. Rowbottom's argument to this court fails because we are not allowed to displace Oklahoma's interpretation of its own law. There is no federal due process or equal protection violation in Oklahoma's decision to characterize prior convictions from other states as prior Oklahoma convictions for purposes of the emergency time credit provision of the Oklahoma Prison Overcrowding Act.
 
 
 7
 We grant the certificate of probable cause. This court previously granted Mr. Rowbottom permission to proceed in forma pauperis. Having done so, we AFFIRM the judgment of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3